Your Honor, the district court in this case rejected the uniform recommendation of all three parties before it, probation, the defense, and the government, and imposed a sentence that was an above-guideline sentence six years later than what the parties were recommending. We believe that sentence not only was substantively unreasonable, but also was the result of two very significant procedural errors that the district court made, and we're asking this Court to vacate Mr. Burgum's sentence and remand for new sentencing hearing. Your Honors, I'd like to address one of the procedural errors first, because, quite frankly, I believe that's the cleanest and is an issue on which this Court is bound by Ninth Circuit and supreme court precedent, and that's where the district court used an improper sentencing factor. The court at sentencing said that one of the aggravating factors, and the court discussed only three aggravating factors in this case, and the court said one of the aggravating factors was that Mr. Burgum would not be able to make his restitution payments. In essence, that is punishing Mr. Burgum more severely for being poor. And in United States v. Parks, this Court clearly held that it would violate a defendant's Fifth Amendment due process rights to increase his sentence because of his inability to pay a financial penalty. Parks directly controls and requires a vacate and remand in this case. It's also bolstered by this Court's decision in Chastain and the supreme court decisions that are cited in Parks. Well, assuming for the sake of discussion that there is error, isn't it harmless? What was the fairness, integrity, or public reputation of the judicial proceedings' effect? Well, Your Honor, I would argue that if the plain error standard applies, which we believe it does not, but if the plain error standard applies, certainly this affects substantial rights. It affects Mr. Burgum's constitutional rights, his Fifth Amendment due process right, as this Court held in Parks. And in terms of seriously affecting the fairness, integrity, and public reputation, to have a poor defendant sentenced more harshly than a rich defendant seems to be right in line with what that concern is all about. Certainly, the public would not look favorably on courts sentencing poor people more harshly because of their poverty. So even if the plain error standard applies, and that is a factor for this Court to consider, I think this is a prime case for that factor. Counsel, can you hear me there? Yes, Your Honor. I have the same question as Judge O'Scanlan about fairness and integrity and reputation of the court, but with a slightly different standard slant. That is, it seems to me that he did rely on inability to pay restitution explicitly as an aggravating factor, and that is error that's plain, right, under our case law? Yes, Your Honor. I agree. Then I have the question, does it put our court's reputation in a bad slant if it looks like the rich are sentenced more leniently than the poor? And I think you've answered that in response to Judge O'Scanlan, but are there any cases from our circuit or any other circuit that address this fourth element of the plain error test in terms of the distinction between favoring rich or poor? Any other circuit that's addressed that? Your Honor, I'm not aware of a case, and there may be one that I'm not aware of, but I'm not aware of a case that specifically addresses that. But I do think that the Supreme Court, in discussing what a significant violation of constitutional rights this would be, certainly in Bearden and Parkes has – excuse me, in Bearden and Tate has language that would encompass that. I'd also note that in the case of the rich and the poor, the Supreme Court, in that case, wasn't addressing, as I understand it, the fourth element of the – what I'll correct, to my knowledge, I do not believe that has been specifically addressed. So would that be an issue of first impression, as far as you know, both in our court and in the other circuits? It seems that it might be, although I would note that in United States v. Meek Bell, from this Court, of course, that was a different issue of use of an improper factor. But in that case, this Court held that the district court considered an improper factor, not rich v. poor, but an improper factor at sentencing, and that if this Court weren't already vacating and remanding for another procedural error, that it would be appropriate to vacate and remand for the improper factor. And there's no evidence in Meek Bell that this issue was raised by the defendant below. There's no discussion of plain error, but assuming plain error would have been the appropriate test there, it seems that when – this Court has held that when an improper factor is considered, that meets the plain error test. I would also indicate that in Hammons v. Wapnein, this Court said that when there's a flagrant violation of the procedure set forth in Gallencarti, that's enough to satisfy the plain error standard in and of itself. And, of course, this would be a flagrant violation. This is not a 3553A factor. So I think under those precedents, although not discussing rich v. poor, there is precedent for finding that the fourth prong of the test is met. Well, with respect to the sentencing factors themselves, would you agree that as to that aspect, the sentencing judge followed the factors and applied the factors? We don't make an argument that the district court did not sufficiently explain its decision. If that's the question, of course, we would argue that the Court improperly applied 3553A7, the factor about considering restitution, by distorting it in this case. But with respect to the other factors? Well, in the – I believe it's 3553A4, the factor about considering the guidelines, we also argue that that was improperly done. So there was a procedural error there, but, no, we do not make any argument that the Court did not sufficiently articulate the reasons. The Court was very thoughtful, but it seems that the Court's emotional reaction to the use of a hoax bomb in this case overwhelmed its consideration of the other appropriate factors. I'd like to reserve the rest of my time. You may do so, counsel. That's fine. Thank you. We'll hear from the government. Good morning. May it please the Court, Defendant's 180-month sentence. Would you please identify yourself for the record, please? Yes, Your Honor. Anne Gannon on behalf of the United States. Thank you. You don't get paid if you don't. Yes, Your Honor. Defendant's 180-month sentence should be affirmed because the district court did not commit procedural error, much less plain error, and the overall sentence was substantively reasonable. I'd like to go ahead and address the issue regarding the defendant's – or the district court's comments about the defendant's sentence. So you don't agree that the error with respect to the ability to pay was not plain? Or are you arguing that there's no error at all? Your Honor, primarily I'm arguing that there was no error at all. All right. What's your theory? Because it's unclear whether the district court necessarily relied on that factor in arriving at the above-guideline sentence. First – Counsel, didn't he state that it was an aggravating factor? He did, Judge Gould, but he mentioned it separately from the other aggravating factors. He went through and identified all the aggravating and mitigating factors and discussed those in terms of the facts of the case, and then he proceeded, as was procedurally proper, to consider the 3553A factors. And it was only in that context, when he came to A7 regarding restitution, that he noted that he found it to be an additional aggravating factor. And then he said, having said one additional aggravating factor that I didn't mention is, I just think, realistically, the chances of restitution in this case are probably slim, maybe even null, in light of the amount of restitution being $258,280, Mr. Burgum not really having the finances or the financial conditions to even pay a fine. When I consider these objectives, the aggravating and mitigating factors, the sentence, there's nothing in that passage which suggests that the restitution ability to pay was not one of the aggravating factors, is that correct? Yes, Your Honor, he did consider it as one of the aggravating factors. My point was, though, that there's nothing in the record to indicate that he's sentenced until 180 months because of that factor. Wait a minute. When I consider these objectives, the aggravating and mitigating factors, the guideline range, I am actually at a 15-year sentence. Now, it's a little hard to say, well, having just talked about ability to pay, it's not factored into the 15-year sentence. My point is that it's not necessarily a factor, that he would have sentenced differently if that factor hadn't been identified as aggravating since he thought we were at the error stage, okay, the error stage. That is error to count it as an aggravating factor, is it not? Yes, Your Honor, I think it would be error. Then the question is whether it had an adverse effect. Yes, Your Honor, and the government's position is that it did not have an adverse effect. It did not rise to a level of plain error because of the numerous other offenses. The court repeatedly went back to the nature of the offense, and the defendant's uncounted criminal history in this case. The district court specifically noted the harm that was caused to the victims, the abuse of trust given that the defendant impersonated an FBI agent, and the fact that there was this close call about whether he was a career offender. So I think that the sentence was substantively reasonable, but I think more importantly, as the judge previously noted, the defense unable to show that this error, if he did rely on it, rises to a level of affecting the fairness, integrity, and reputation of the proceedings. Okay, counsel, I'd like to ask you a question on that, because first of all, I guess I'm on the other side of you on that one. It seems to me that we can't assume, if he identifies it as an aggravating factor, that it has no substantial effect. I mean, yes, he did note a lot of other things like the fake bomb and the pain it caused the managers, so he would have given a long sentence. But if, for example, he might have given a 12-year sentence instead of 15, or a 14-year sentence instead of 15, if he hadn't considered an impermissible aggravating factor, we can't say that somebody should languish in jail an But it might have been justified on other grounds, at least as I see it. So to me, it's clearly error, and plain error, and affects substantial rights. And the only question that I'm having personal difficulty assessing, because there's lack of precedent, is does it affect the fairness and integrity and that a rich person, similarly situated, would be given? I'm inclined to think it does, but I'd like to hear your view on that. Your Honor, I think the issue of rich and poor is a way to simplify this discussion, but it is the defendant's ability to pay restitution. And it may be that a defendant doesn't have money on the day of sentencing, but if he has the ability to go out and be employed, that can be a mitigating factor. And I think that's an important issue to note, that this court has recognized on several occasions that the 3553A7 factor can be considered by the court. Specifically in Chastain, which is cited by defendant, this court found that while the district court could not downward depart under the guidelines, under the prohibited socioeconomic provision, that the court, the sentencing court could consider the defendant's ability to pay in arriving at a sentence within the guideline range. So I don't need to be backtracking, but I have an issue with the fact that we're presuming that this is error if it was a factor that the court considered. And while he ceded it as an aggravating factor, it was not mitigating in this case because the defendant did not, based on the facts before the court, have a readily available means of paying restitution upon his release from custody.  Chastain, Your Honor. Chastain, that's what I thought. In addition, the Meanyweather case also acknowledged that that particular goal in 3553A was served by a non-incarcerated and employed defendant. This is relatively common, especially in fraud cases where sentencing courts looked at the victim's rights and the victim's ability to pay restitution. While the sentencing court in this case perhaps labeled this issue inappropriately, it is a 3553A factor which should be reviewed by the courts. And the sentencing court should not be limited in reviewing this factor and deciding whether it is, in fact, a mitigating factor or something that does not persuade it from sentencing lower than it otherwise would. Counsel, I don't disagree that a court can properly consider if restitution is going to be paid or whether it might be payable as something to take into account in exercising discretion. But what I disagree with is the idea that a court can say, this person is definitely unable to pay restitution, and that is an aggravating factor in making up the sentence. Yes, Your Honor, I understand the court's concern. I think on this record, in this case, the court does not necessarily need to reach that issue because the defendant has failed to satisfy the fourth prong of the plein air standard and because the overall sentence under the totality of the circumstances was reasonable. And it does not appear on the record, yes, the judge did mention it. Yes, the judge did identify it as aggravating. But looking at the sentencing hearing as a whole, it's clear that this was not the driving force behind the district court sentence. The driving force was the impact on the victims, the abuse of trust, the violent nature of the bank robbery, and the defendant's uncounted criminal history. And it's clear from the record that the district court was very thoughtful in its decision and did not procedurally or substantively err. Thank you, counsel. You ended right on the stroke of zero for good timing. Ms. Yates, you have some rebuttal time? Thank you, Your Honor. Just a few quick points. I would quote from this court's decision just last year in United States versus Bragg, where the court said, it may be that the judge's remark was meant as a by the way comment and did not affect his sentencing decision. Reaman will provide a chance for him to explain it. And that's 582 F3rd at 970. It may be that the court didn't really mean what it said, but it said what it said. It appears to have considered this as an aggravating factor. And on remand, if that's not the case, the court can clarify. Regarding 3553 A7 and Chastain, with due respect, I believe that the government counsel is distorting those precedents. 3553 A7 allows facilitation of payment of restitution by any defendant, rich or poor, by giving a non-custody sentence or a reduction in sentence. But to the extent we might read the statute as allowing a harsher sentence because of a defendant's inability to pay, that would be a clear violation of constitutional rights. And of course, Chastain in this court has not read it that way. In fact, in Chastain, this court said we may not sentence a poor convict more harshly than a rich convict, simply because a rich convict is better able to make restitution. Let me ask you, if we were to remand for resentencing, isn't this going to result in the same sentence? The judge is going to simply eliminate that reference to the inability to pay and come out the same way? Or possibly risk even a higher sentence? That's certainly possible. If the court did consider this as a factor, as it said it did, one might think that the sentence would be lower. If the court comes to the conclusion that 15 years is still the appropriate sentence, we would still have a substantive reasonable argument and would make that at the appropriate time. Of course, there's other problems with the sentence that we've argued, so it would depend on the basis of the remand. That's, of course, always a possibility, Your Honor. But as this Court noted in Wresem, the reason that procedural reasonableness is so important is this Court can't properly evaluate a sentence unless the district court follows the proper procedures, and so a remand is required. I did just want to point out on this fourth factor of the plain error test, one of the concerns is the fairness of the proceeding. And the Supreme Court was very clear in Tate, and that was quoted then in by this Court in Parks, that this is discrimination. When a court's defendant is sentenced more harshly because of inability to pay a financial penalty, that's discrimination, and the discrimination is the epitome of unfairness. So I certainly would argue that the fourth prong has been met. Thank you, counsel. Thank you, Your Honor. The case just argued will be submitted for decision, and we will hear argument next in United States v. Savage.
judges: O'scannlain, Fisher, Gould